John D. Bennett, S.
This is an application by the administrator for an order discharging the administrator’s bond and the surety thereon.
The administrator is the sole distributee of the decedent and is entitled to the entire estate. The surety and the State Tax *680 Commission which has appeared as amicus curies object to such discharge on the ground that the administrator has not filed an estate tax proceeding pursuant to article 10-C of the Tax Law. The question presented is whether the State Tax Commission is included in that class of persons who are to be protected by the filing of an administrator’s bond.
The administrator urges that the bond of the administrator is required only for the protection of statutory distributees and creditors of the decedent which category, he contends, does not include State tax authorities. The State Tax Commission, on the other hand, contends that the State is entitled to the protection of the administrator’s bond.
It is provided under section 121 of the Surrogate’s Court Act that the administrator’s bond “ must be conditioned that the administrator will faithfully discharge the trust reposed in bim as such and obey all lawful decrees and orders of the surrogate’s court touching the administration of the estate committed to him.”
Under section 249-bb of the Tax Law, an executor or administrator is personally liable for payment of estate taxes. The obligation of the administrator to file transfer tax proceedings under article 10-C of the Tax Law is part of the trust which must be faithfully discharged by him. Consequently, it is the conclusion of this court that the conditions of the bond are intended to protect the State as well as other creditors.
It is significant that section 121 of the Surrogate’s Court Act provides that the bond fixed by the Surrogate may be increased on an application of “ any party in interest ” for cause shown. Protection, therefore, is afforded not merely for “ creditors ” of the decedent, as ‘ ‘ any party in interest ’ ’ refers to a broader class. Further, in this respect, the interest of the State relative to the payment of taxes has priority over the interest of distributees.
The administrator argues that the taxing authorities are not protected where a will does not require an executor’s bond. However, in such case, all creditors and legatees are unprotected by bond as well. This argument, therefore, does not afford a ground for distinction. Further, under section 97 of the Surrogate’s Court Act, this court can, if necessary, require an executor to furnish a bond even though not required by the will.
Section 314 of the Surrogate’s Court Act also supports the conclusion reached by this court. In defining expressions used in the act, it provides in part as follows:
*681 ‘ ‘ 3. The word ‘ debts ’ includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action; and the word ‘ creditor ’ includes every person having such a claim or demand, any person having a claim for expense of administration, or any person having a claim for funeral expenses; and the expression ‘ funeral expenses ’ includes suitable church or other services, a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent’s burial lot.”
If the term “ creditors ” as used in section 121 of the Surrogate’s Court Act was construed to include only creditors of the decedent, as distinguished from creditors of the estate, such construction would be inconsistent with the definition of the word “ creditors ” above quoted, which includes persons having a claim for administration expense and funeral expense.
The application of the administrator is denied as premature.